Daniel Sadeh, Esq.
**HALPER SADEH LLP**
375 Park Avenue, Suite 2607
New York, NY 10152
Telephone: (212) 763-0060
Facsimile: (646) 776-2600
Email: sadeh@halpersadeh.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS S. FEAGAN,<br><br>Plaintiff,<br><br>v.<br><br>RESTORBIO, INC., JEFFREY A. CHODAKEWITZ, PAUL FONTEYNE, MICHAEL GRISSINGER, CHEN SCHOR, JONATHAN SILVERSTEIN, DAVID STEINBERG, and LYNNE SULLIVAN,<br><br>Defendants. | Case No:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Plaintiff Douglas S. Feagan ("Plaintiff"), by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is an action against resTORbio, Inc. ("resTORbio" or the "Company") and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections

1

14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) and 78t(a), and Rule 14a-9 promulgated thereunder by the SEC, 17 C.F.R. § 240.14a-9, in connection with the proposed merger of resTORbio with Adicet Bio, Inc. ("Adicet") (the "Proposed Transaction").

2. In connection with the Proposed Transaction, (i) Project Oasis Merger Sub, Inc., a wholly owned subsidiary of resTORbio, will merge with and into Adicet, with Adicet surviving as a wholly owned subsidiary of resTORbio; and (ii) each share of Adicet capital stock, excluding certain shares, will be converted into 0.8559 shares of resTORbio common stock, subject to adjustment to account for the effect of a reverse stock split of resTORbio common stock. Immediately following the effective time of the merger, Adicet equity holders are expected to hold approximately 75% of the outstanding shares of resTORbio common stock while resTORbio equity holders are expected to hold 25%.

3. On June 23, 2020, Defendants caused to be filed with the SEC a Form S-4 Registration Statement (the "Registration Statement") in connection with the Proposed Transaction.

4. The Registration Statement, which recommends that resTORbio stockholders vote in favor of, among other things, the issuance of resTORbio common stock in connection with the Proposed Transaction (the "Stock Issuance"), omits and/or misrepresents material information concerning: (1) resTORbio's and Adicet's financial projections; (2) potential conflicts of interest involving resTORbio's financial advisor, JMP Securities LLC ("JMP"); and (3) the sales process

leading up to the Proposed Transaction.[1]

5. These material misrepresentations and omissions prevent the Company's shareholders from making a fully informed voting decision relating to the Proposed Transaction and Stock Issuance proposal. Accordingly, the Company's shareholders will be irreparably harmed if these material misrepresentations and omissions are not remedied before the anticipated shareholder vote on the Proposed Transaction.

## JURISDICTION AND VENUE

6. The claims asserted herein arise under and pursuant to Sections 14(a) and 20(a) of the Exchange Act (15 U.S.C. §§ 78n(a) and 78t(a)) and Rule 14a-9 promulgated thereunder by the SEC (17 C.F.R. § 240.14a-9).

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as a substantial portion of the transactions and wrongs complained of herein had an effect in this District, the alleged misstatements entered and the subsequent damages occurred in this District, and the Company conducts business in New York.[2]

---

[1] The Registration Statement states the Proposed Transaction "is subject to . . . the condition that resTORbio's stockholders approve the issuance of shares of resTORbio common stock in the merger." Further, the Registration Statement provides that approval of the Stock Issuance is necessary because "it exceeds 20% of the number of shares of resTORbio common stock outstanding prior to the issuance. . . . [and] the issuance of the shares requires resTORbio's approval under the Nasdaq rules because it will result in a 'change of control' of resTORbio[.]"

[2] For example, between 2019 and 2020, the Company reportedly participated in conferences in New York City. *See* resTORbio, Inc., *PRESENTATIONS & EVENTS*, https://ir.restorbio.com/news-and-events/investor-calendar (last visited Jul. 9, 2020).

9. In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

10. Plaintiff is, and has been at all relevant times hereto, an owner of resTORbio's common stock.

11. Defendant resTORbio is a clinical-stage biopharmaceutical company that develops medicines for the treatment of aging-related diseases primarily in the United States. The Company is incorporated in Delaware. The Company's common stock trades on the Nasdaq Global Select Market ("NASDAQ") under the ticker symbol, "TORC."

12. Defendant Jeffrey A. Chodakewitz ("Chodakewitz") is a director of the Company.

13. Defendant Paul Fonteyne ("Fonteyne") is a director of the Company.

14. Defendant Michael Grissinger ("Grissinger") is a director of the Company.

15. Defendant Chen Schor ("Schor") is President, Chief Executive Officer, Co-Founder, and a director of the Company.

16. Defendant Jonathan Silverstein ("Silverstein") is a director of the Company.

17. Defendant David Steinberg ("Steinberg") is a director of the Company.

18. Defendant Lynne Sullivan ("Sullivan") is a director of the Company.

19. Defendants Chodakewitz, Fonteyne, Grissinger, Schor, Silverstein, Steinberg, and Sullivan are collectively referred to herein as the "Individual Defendants."

20. Defendants resTORbio and the Individual Defendants are collectively referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A. The Proposed Transaction

21.     On April 29, 2020, resTORbio and Adicet announced that they had entered into a definitive merger agreement. Under the terms of the agreement, Adicet would merge with a wholly-owned subsidiary of resTORbio in an all-stock transaction, and the equityholders of Adicet would become the majority owners (75%) of resTORbio's outstanding common stock upon the close of the merger. The press release states, in pertinent part:

**resTORbio and Adicet Bio Announce Merger Agreement to Advance Allogeneic Gamma Delta CAR-T Cell Therapy Technology**

April 29, 2020 07:00 ET | **Source:** resTORbio, Inc.
*Combined Company to Focus on Adicet's Technology and Continue Operations as "Adicet Bio"*

*Adicet's lead asset ADI-001 is an allogeneic gamma delta T cell therapy expressing a chimeric antigen receptor targeting CD20 for treatment of non-Hodgkin's lymphoma*

*Pipeline of differentiated pre-clinical and discovery programs leveraging universal, off-the-shelf gamma delta CAR-T cells and novel antibody platforms*

*Well capitalized into 2022 to develop novel cell therapies*

BOSTON and MENLO PARK, Calif., April 29, 2020 (GLOBE NEWSWIRE) -- resTORbio, Inc. (Nasdaq: TORC) and Adicet Bio, Inc., a privately-held biopharmaceutical company, today announced that they have entered into a definitive merger agreement to create a combined publicly-traded biotechnology company focused on the development of Adicet's off-the-shelf allogeneic gamma delta T cell therapies for oncology and other indications. Adicet's lead candidate, ADI-001, is a gamma delta CAR-T cell therapy targeting CD20 being developed for non-Hodgkin's lymphoma. Adicet has a pipeline of differentiated pre-clinical and discovery programs leveraging its universal, off-the-shelf gamma delta CAR-T cell platform.

Under the terms of the agreement, Adicet would merge with a wholly-owned subsidiary of resTORbio in an all-stock transaction, and the equityholders of Adicet will become the majority owners (75%) of resTORbio's outstanding common stock upon the close of the merger.

\*   \*   \*

**About the Proposed Merger**

Under the terms of the merger agreement, stockholders of Adicet will receive shares of newly issued resTORbio common stock. On a pro forma basis, Adicet equityholders are expected to own approximately 75% of the combined company and current resTORbio equityholders are expected to own approximately 25% of the combined company. The parties anticipate that the combined company's primary focus will be to advance Adicet's unique cell therapy platform. The parties anticipate that the combined company will continue the development of RTB101, resTORbio's small molecule product candidate that is a potent inhibitor of target of rapamycin complex 1 (TORC1), for a COVID-19 related indication, with clinical data expected by Q1 2021. The terms of the merger agreement contemplate that a contingent value right (a "CVR") will be distributed to resTORbio stockholders as of immediately prior to the effective time of the merger, entitling CVR holders to receive net proceeds from the commercialization, if any, received from a third party commercial partner of the product candidate RTB101. The terms and conditions of the CVRs will be pursuant to a CVR Agreement resTORbio will enter into prior to the closing of the merger (the "CVR Agreement").

Following the merger, the combined company will leverage expertise from both companies with Chen Schor to serve as President and Chief Executive Officer, Stewart Abbot, Ph.D., as Senior Vice President and Chief Operating and Scientific Officer, Francesco Galimi, M.D., Ph.D., as Senior Vice President and Chief Medical Officer, Lloyd Klickstein, M.D., Ph.D., as Chief Innovation Officer, Carrie Krehlik, as Senior Vice President and Chief Human Resource Officer and Joan Mannick, M.D., as Head of Infectious Diseases to oversee the clinical program conducted under the CVR. At closing, the combined board of directors is anticipated to consist of seven members, which will include five designated from Adicet, one designated from resTORbio and Chen Schor, President and Chief Executive Officer. Anil Singhal will serve as an advisor to the board of directors. The company will maintain offices in Menlo Park, CA and Boston, MA.

"On behalf of the Adicet Board, we thank Anil for his service to Adicet and welcome his contributions as an advisor to the Board of Directors," said Carl Gordon, Ph.D., member of Adicet's Board of Directors.

The transaction is expected to close in the second half of 2020, subject to approvals of each company's stockholders and other customary closing conditions. Upon completion of the merger, the combined company will operate under the name Adicet Bio and is expected to trade on the Nasdaq Global Market under a new ticker symbol to be determined.

JMP Securities LLC is acting as financial advisor to resTORbio and Goodwin Procter LLP is serving as legal counsel to resTORbio. Morrison & Foerster LLP is serving as legal counsel to Adicet Bio.

**About Adicet Bio, Inc.**

Adicet Bio, Inc. is a privately held, pre-clinical stage biotechnology company founded in 2015 by Aya Jakobovits, Ph.D. to develop novel off-the-shelf universal immune cell therapies based on gamma delta T cells engineered with chimeric antigen receptors. Adicet is also focused on identifying and validating cancer specific targets derived from the intracellular proteome and then generating TCRLs directed to these cancer-specific peptide targets presented by MHC Class I complexes. These TCRLs are being used to arm T cells or as T cell engagers in solid tumors. In August 2016, Adicet entered into a strategic collaboration with Regeneron Pharmaceuticals, Inc. to develop next-generation engineered immune-cell therapeutics using Adicet's gamma delta T cell allogeneic platform technology. For more information, please visit our website at http://www.adicetbio.com.

**About resTORbio**

resTORbio, Inc. is a clinical-stage biopharmaceutical company developing innovative medicines that target the biology of aging to treat aging-related diseases. resTORbio's lead program selectively inhibits TORC1, an evolutionarily conserved pathway that contributes to the decline in function of aging organ systems. Learn more about resTORbio, Inc. at http://www.resTORbio.com

22. On July 6, 2020, John McCabe, a signatory to the Registration Statement, announced his intention to resign from his position as Senior Vice President of Finance (and principal financial and accounting officer) of the Company, effective July 31, 2020.

**B. The Registration Statement Contains Materially False and Misleading Statements and Omissions**

23. The Registration Statement omits and/or misrepresents material information concerning: (1) resTORbio's and Adicet's financial projections; (2) potential conflicts of interest involving JMP; and (3) the sales process leading up to the Proposed Transaction.

24. The omission of the material information (referenced below) renders the following sections of the Registration Statement false and misleading, among others: (i) Background of the Merger; (ii) resTORbio Reasons for the Merger; and (iii) Opinion of the resTORbio Financial Advisor.

25. Unless and until the material misstatements and omissions (referenced below) are remedied before the anticipated shareholder vote, resTORbio shareholders will be forced to make a voting decision on the Proposed Transaction and/or Stock Issuance without full disclosure of all material information.

26. Among other reasons, and as described more fully below, this information is material in light of the Registration Statement's acknowledgment that, following the consummation of the Proposed Transaction, "resTORbio's . . . stockholders may not realize a benefit from the merger commensurate with the ownership dilution they will experience in connection with the merger[.]"

27. In the event Defendants fail to disclose the following information before the shareholder vote, Plaintiff may seek to recover damages resulting from Defendants' misconduct.

**1. Material Omissions Concerning resTORbio's and Adicet's Financial Projections**

28. The Registration Statement omits material information concerning resTORbio's and Adicet's financial projections.

29. The Registration Statement provides that, in connection with its fairness opinion, JMP "reviewed certain financial projections provided to JMP by resTORbio relating to resTORbio and Adicet[.]" The Registration Statement, however, fails to sufficiently disclose any of these projections.

30. The disclosure of the aforementioned projected financial information is material because it would provide resTORbio shareholders with a basis to project the future financial performance of resTORbio and the combined company and would allow shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion. Shareholders cannot hope to replicate management's inside view of the prospects

8

of the Company. Without such information, which is uniquely possessed by the Company and its financial advisor, resTORbio's shareholders are unable to determine how much weight, if any, to place on the Company's financial advisor's fairness opinion in determining whether to vote for or against the Proposed Transaction and/or Stock Issuance in connection with the Proposed Transaction.

31. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to resTORbio shareholders.

**2. Material Omissions Concerning Potential Conflicts of Interest Involving JMP**

32. The Registration Statement omits material information concerning potential conflicts of interest involving JMP.

33. The Registration Statement fails to disclose whether and to what extent JMP has provided past services to resTORbio, Adicet, and/or their affiliates, including the timing and nature of these services and the amount of compensation JMP received for providing such services.

34. Disclosure of a financial advisor's compensation and potential conflicts of interest to shareholders is required due to their central role in the evaluation, exploration, selection, and implementation of strategic alternatives and the rendering of any fairness opinions. Disclosure of a financial advisor's potential conflicts of interest may inform shareholders on how much weight to place on that analysis.

35. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to resTORbio shareholders.

**3. Material Omissions Concerning the Sales Process Leading up to the Proposed Transaction**

36. The Registration Statement omits material information concerning the sales process leading up to the Proposed Transaction.

37. The Registration Statement provides that "[f]rom April through December 2019, as authorized by the resTORbio Board, and with the assistance of a financial advisor, management had discussions with potentially interested companies primarily regarding resTORbio licensing or acquiring rights to product candidates or acquisitions of other products, product candidates or technologies."

38. The Registration Statement provides that "[d]uring January 2020, as authorized by the resTORbio Board, management and JMP conducted a broad search of potential strategic opportunities for partnership oncology indications for RTB101 and in-licensing product opportunities in age-related diseases and CNS, contacting 102 parties."

39. The Registration Statement provides that "[b]y March 4, 2020, of the 23 companies that had entered into a mutual confidentiality agreement with resTORbio, 15 companies (including Company A, Company B and Adicet) submitted or discussed non-binding proposals or term sheets for a strategic merger or reverse merger with resTORbio."

40. The Registration Statement, however, fails to adequately disclose, to the extent applicable, the terms and values of all indications of interest, proposals, and or term sheets between resTORbio and potentially interested counterparties.

41. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to resTORbio shareholders.

## COUNT I
### For Violations of Section 14(a) and Rule 14a-9 Promulgated Thereunder
### Against All Defendants

42. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

43. During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Registration Statement specified

10

above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder by the SEC.

44. Each of the Individual Defendants, by virtue of his/her positions within the Company as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a) of the Exchange Act. Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Registration Statement. The Defendants were, at minimum, negligent in filing the materially false and misleading Registration Statement.

45. The false and misleading statements and omissions in the Registration Statement are material in that a reasonable shareholder would consider them important in deciding how to vote on the Proposed Transaction and/or Stock Issuance.

46. By reason of the foregoing, Defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

47. Because of the false and misleading statements and omissions in the Registration Statement, Plaintiff is threatened with irreparable harm.

## COUNT II
### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

48. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49. The Individual Defendants acted as control persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their senior positions as officers and/or directors of the Company and participation in and/or awareness of the

Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the false and misleading Registration Statement.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Registration Statement, and to correct promptly any public statements issued by the Company which were or had become materially false or misleading.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Individual Defendants were provided with or had unlimited access to copies of the Registration Statement and had the ability to prevent the issuance of the statements or to cause the statements to be corrected. The Registration Statement at issue contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction and/or Stock Issuance. Thus, the Individual Defendants were directly involved in the making of the Registration Statement.

52. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Proposed Transaction and/or Stock Issuance. The Registration Statement purports to describe the

various issues and information that they reviewed and considered—descriptions which had input from the Individual Defendants.

53. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, the Company's shareholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with or consummating the Proposed Transaction and any vote thereof, unless and until Defendants disclose and disseminate the material information identified above to Company shareholders;

B. In the event Defendants complete the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Declaring that Defendants violated Sections 14(a) and 20(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

E. Granting such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: July 9, 2020

Respectfully submitted,

**HALPER SADEH LLP**

By: /s/ Daniel Sadeh
Daniel Sadeh, Esq.
Zachary Halper, Esq. (to be admitted *pro hac vice*)
375 Park Avenue, Suite 2607
New York, NY 10152
Telephone: (212) 763-0060
Facsimile: (646) 776-2600
Email: sadeh@halpersadeh.com
zhalper@halpersadeh.com

*Counsel for Plaintiff*